# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15-CV-78-JHP |
| RICHARD ELBERT TURLEY, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant Richard Elbert Turley's opposed Motion to Amend Counter-Claim of Defendant to Assert a Claim for Post-Petition Property Damages (Doc. No. 42). Defendant seeks to amend his counterclaim to add a claim for property damage that has arisen subsequent to the filing of the original Answer and counterclaim in this action.

## BACKGROUND

Plaintiff originally filed suit on February 25, 2015, and Defendant filed his Answer with counter-claim on April 7, 2015. Plaintiff's Complaint requests specific performance of a contractual purchase option with respect to the Henryetta Post Office. Defendant's counterclaim asserts four causes of action: (1) judgment for holdover rent; (2) judgment for possession of the subject property; (3) judgment for quieting title; and (4) declaratory judgment pursuant to 28 U.S.C. §2201(a) pertaining to Plaintiff's right to purchase and occupancy of the subject property. Discovery on those issues has been proceeding for over a year and is set to close on October 7, 2016, in less than one month. Trial is set for December 6, 2016. Defendant filed this motion four days before dispositive motions were due.

Defendant seeks to amend his counterclaim pursuant to Federal Rule of Civil Procedure 13(e), which permits the supplemental pleading of a counterclaim that matured or was acquired

1

by the party after serving an earlier pleading. Defendant argues that, since the filing of the Complaint in this case, the Postal Service has not maintained the postal facility in a good condition. He asserts the HVAC system has deteriorated significantly, the roof has not been maintained and leaks, and an entry door was damaged. Defendant argues the Postal Service, as an occupier of the property without paying rent, has a duty to preserve the property in good condition. Defendant argues this claim for damages is necessary for a full resolution of all issues between the parties. Plaintiff opposes Defendant's proposed amendment (Doc. No. 47).

## DISCUSSION

Federal Rule of Civil Procedure 13(e) is subject to Rule 15, which governs amendments to pleadings generally. *See* Advisory Committee Notes to 2009 Amendment to Fed. R. Civ. P. 13; Fed. R. Civ. P. 15. Under Rule 15(a), "[e]xcept when an amendment is pleaded 'as a matter of course,' as defined by the rule, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Bylin v. Billings,* 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Fed. R. Civ. P. 15(a)). "The rule instructs courts to 'freely give leave when justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). The Rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

2

Plaintiff argues the proposed amendment should be denied, because it would unduly prejudice Plaintiff and is futile. Plaintiff further argues that denial of amendment would not prejudice Defendant, because he is not barred from raising the claim in a later suit. After consideration of the arguments, the Court concludes Defendant's proposed amendment would be unduly prejudicial to Plaintiff at this late stage of the case.

"Courts typically find prejudice only when the amendment unfairly affects the [non-moving party] in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208 (quotation omitted). As Plaintiff points out, the focus of this case has been on the contract to purchase the Henryetta Post Office, the validity of the purchase option, and whether Plaintiff is a holdover tenant. Defendant's proposed counterclaim addresses the condition of the subject property after the lease term ended, which would open up an entirely new area of discovery. Plaintiff asserts discovery is completed on the contract to purchase claim and is essentially ready for trial, while no discovery has been undertaken regarding Defendant's factually distinct proposed counterclaim. Defendant did not respond to Plaintiff's argument. Accordingly, the Court concludes permitting Defendant's proposed counterclaim at this late stage of this case would require an extension of all deadlines and delay of the trial date, which is prejudicial to Plaintiff. *See Aviation Materials, Inc. v. Pinney*, 65 F.R.D. 357, 358 (N.D. Okla. 1975) (noting a permissive counterclaim under Rule 13(e) "should not be permitted if it would serve to hinder and delay the plaintiff and to make it more difficult to prosecute its claim."). Because Defendant's proposed amendment to the counterclaim would cause undue prejudice to Plaintiff, Defendant's Motion to Amend Counter-Claim is denied.[1]

---

[1] Because the Court denies Defendant's proposed amendment as unduly prejudicial, the Court will not consider Plaintiff's additional arguments that Defendant's amendment is futile and late.

Finally, as Plaintiff points out, Defendant is not prejudiced by the Court's denial of his request to amend under Rule 13(e), because "the after-acquired claim is not considered a compulsory counterclaim under Rule 13(a) and a failure to interpose it will not bar its assertion in a later suit." 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1428 (3d ed.).

## CONCLUSION

For the reasons detailed above, Defendant's Motion to Amend Counter-Claim of Defendant to Assert a Claim for Post-Petition Property Damages (Doc. No. 42) is **DENIED.**

**IT IS SO ORDERED** this 12th day of September, 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma